# FILED

August 14 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0641

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 272N

KENT TERRILL RABE,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 00-75
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Kent Terrill Rabe, self-represented, Great Falls, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant
Attorney General, Helena, Montana

        George H. Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  July 15, 2009

Decided:  August 14, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kent T. Rabe (Rabe) appeals from an opinion & order denying his motion for sentence modification by the Twenty-First Judicial District Court, Ravalli County. We affirm.

¶3 The issue on appeal is whether the District Court correctly determined that Rabe's motion to modify his sentence was procedurally barred.

¶4 Rabe challenges several conditions of his sentence in this appeal. On September 27, 2000, Rabe pled guilty under an open plea agreement to two felony counts of incest. On December 13, 2000, the District Court sentenced Rabe to two consecutive 30-year prison sentences with 30 years suspended on several conditions. Rabe did not apply for sentence review, did not appeal his conviction or sentence directly, and did not file a petition for postconviction relief. Nonetheless, eight years later, on August 18, 2008, Rabe filed a pro se motion for sentence modification, arguing that his sentence is facially invalid and thus open to challenge under *Lott v. State*, 2006 MT 279, 334 Mont. 270, 150 P.3d 337. The District Court denied Rabe's motion.

¶5 This Court reviews a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its

2

conclusions of law are correct. *Maldonado v. State*, 2008 MT 253, ¶ 10, 345 Mont. 69, 190 P.3d 1043.

¶6 Rabe acknowledges that his claims are time barred, yet argues he is entitled to relief based on *Lott*. In *Lott*, this Court held that a statutory procedural bar to habeas corpus relief unconstitutionally suspended the writ of habeas corpus when applied to a facially invalid sentence. *Lott*, ¶ 22. A facially invalid sentence is "a sentence which, as a matter of law, the court had no authority to impose." *Lott*, ¶ 22.

¶7 Rabe's sentence was not facially invalid because the sentencing statutes in effect at the time of his sentencing authorized the conditions that Rabe now challenges. Unlike Lott, Rabe could have raised the claims that he now raises when he was sentenced in 2000. Thus, the District Court was correct that *Lott* did not apply to Rabe's claims.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issue is clearly controlled by settled Montana law.

¶9 Affirmed.

/S/ MIKE McGRATH

We Concur:
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE